UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF NEW YORK

---

MARY A. VOLKAVA, NASTASSIA
PLASKAVITSKAYA, SVETLANA
ZAYTSEVA, TAMARA HERNANDEZ,
Individually and on behalf of all other persons
similarly situated,

23-cv-4893 (LJL)

**ANSWER**

Plaintiffs,

-against-

RHM RESTAURANT CORP. d/b/a ROLFS
and ROBERT H. MAISANO, Jointly and
Severally,

Defendants.

---

Defendants, by their attorneys, Murtagh, Cossu, Venditti & Castro-Blanco, LLP, as an answer to the complaint herein state:

1,      As to the allegations of paragraph 1, admit that the identified individuals were employed by defendant RHM Restaurant Corp., aver that the dates and times of their employment are contained in the records of said defendant and refer to those records for same and, otherwise, deny the allegations of said paragraph.

2.      Deny the allegations of paragraphs 2, 3 and 4.

3.      Aver that the allegations of paragraphs 5, 6 and 7 consist solely of legal conclusions as to which defendants need not plead responsively.

4.      Admit the allegations of paragraph 8 of the complaint.

5.      Aver that the allegations of paragraph 9 consist solely of legal conclusions as to which defendants need not plead responsively.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 10, 11, 12 and 13.

7.      Admit the allegations of paragraph 14.

8.      Aver that defendant RHM Restaurant Corp. d/b/a Rolf's is a restaurant open to the public serving food and beverage and, otherwise, aver that the allegations of paragraph 15 consist solely of legal conclusions as to which the defendants need not plead responsively.

9.      Admit that defendant Maisano is a shareholder of defendant RHM Restaurant Corp. and, otherwise, deny the allegations of paragraph 16.

10.     Deny the allegations of paragraphs 17, 18 19, 20, 21, 22 and 23.

11.     As to the allegations of paragraphs 24, aver that the dates and hours of plaintiffs' employment are contained in the records of the defendant RHM Restaurant Corp. and, otherwise, deny the allegations of said paragraph.

12.     Deny the allegations of paragraph 25.

13.     As to the allegations of paragraphs 26, 27, 28, 29 and 30, aver that the dates and hours of plaintiffs' employment are contained in the records of the defendant RHM Restaurant Corp. and, otherwise, deny the allegations of said paragraphs.

14.     As to the allegations of paragraphs 31, 32 and 33, aver that the term "busy season" is a term of art created by the plaintiffs which is not defined and as to which defendants, therefore, lack knowledge or information sufficient to form a belief as to the allegations related thereto, aver that the dates and hours of plaintiffs' employment are contained in the records of the defendant RHM Restaurant Corp. and, otherwise, deny the allegations of said paragraph.

15.     Deny the allegations of paragraphs 34, 35 and 36.

16.    As to the allegations of paragraphs 37, 38, 39, and 40, aver that the dates and hours of plaintiffs Plaskavitskaya's and plaintiff Zaytseva's employment are contained in the records of the defendant RHM Restaurant Corp. and, otherwise, deny the allegations of said paragraph.

17.    As to the allegations of paragraphs 41, 42 and 43, aver that the term "busy season" is a term of art created by the plaintiffs which is not defined and as to which defendants, therefore, lack knowledge or information sufficient to form a belief as to the allegations related thereto, aver that the dates and hours of plaintiffs' employment are contained in the records of the defendant RHM Restaurant Corp. and, otherwise, deny the allegations of said paragraph.

18.    As to the allegations of paragraph 44, aver that the dates and hours of plaintiff Hernandez's employment are contained in the records of the defendant RHM Restaurant Corp. and, otherwise, deny the allegations of said paragraph.

19.    As to the allegations of paragraphs 45, 46 47, 48 and 49 aver that the terms "off season" and  "busy season" are terms of art created by the plaintiffs which are not defined and as to which defendants, therefore, lack knowledge or information sufficient to form a belief as to the allegations related thereto, aver that the dates and hours of plaintiff Hernandez's employment are contained in the records of the defendant RHM Restaurant Corp. and, otherwise, deny the allegations of said paragraphs.

20.    Deny the allegations of paragraphs 50, 51, 52, 53, and 54.

21.    Deny knowledge or information to form a belief as to the truth of the allegations of paragraphs 55, 56, 57, 58, 59 and 60.

22.    Deny the allegations of paragraph 61 of the complaint.

23.    As to the allegations of paragraphs 62, 63 and 64 aver that the terms of plaintiff Volkava's compensation are contained in the records of the defendant RHM and, otherwise, deny the allegations of said paragraphs.

24.    Deny the allegations of paragraph 65.

25.    As to the allegations of paragraphs 66 and 67 aver that the terms of plaintiff Plaskavitskaya's compensation are contained in the records of the defendant RHM and, otherwise, deny the allegations of said paragraphs.

26.    As to the allegations of paragraphs 68, 69 and 70 aver that the terms of plaintiff Zaytseva's compensation are contained in the records of the defendant RHM and, otherwise, deny the allegations of said paragraphs.

27.    As to the allegations of paragraphs 71, 72, 73 and 74 aver that the terms of plaintiff Volkava's compensation are contained in the records of the defendant RHM and, otherwise, deny the allegations of said paragraphs.

28.    Deny the allegations of paragraph 75.

29.    Deny the allegations of paragraphs 76 through 94 and aver that the defendants, at all times relevant, complied with all applicable laws.

30.     Deny the allegations of paragraphs 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, and 112.

31.    As to the allegations of paragraph 113, deny knowledge or information as to any "estimates' made by plaintiff Hernandez and, otherwise, denies the allegations of said paragraph.

32.    Deny the allegations of paragraphs 114, 115 and 116.

33.    Aver that the allegations of paragraph 117 consist solely of legal conclusions as to which defendants need not plead responsively.

34.     Deny the allegations of paragraphs 118, 119, 120, 121, 122 and 123.

35.     Aver that the allegations of paragraph 124 consist solely of legal conclusions as to which defendants need not plead responsively.

36.     Deny the allegations of paragraph 125.

37.     As to the allegations of paragraph 126, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

38.     Aver that the allegations of paragraph 127 consist solely of legal conclusions as to which defendants need not plead responsively and aver that the defendants, at all times relevant, complied with all applicable laws.

39.     Deny the allegations of paragraphs 128, 129, 130, 131 and 132 and aver that the defendants, at all times relevant, complied with all applicable laws.

40.     As to the allegations of paragraph 133, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

41.     Aver that the allegations of paragraph 134, 135 and 136 consist solely of legal conclusions as to which defendants need not plead responsively and aver that the defendants, at all times relevant, complied with all applicable laws.

42.     Deny the allegations of paragraphs 137, 138, 139, 140, 141 and 142.

43.     As to the allegations of paragraph 143, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

44.     Aver that the allegations of paragraph 144 and 145 consist solely of legal conclusions as to which defendants need not plead responsively and aver that the defendants, at all times relevant, complied with all applicable laws.

45.     Deny the allegations of paragraphs 146.

46.      Aver that the allegations of paragraph 147 and 148 consist solely of legal conclusions as to which defendants need not plead responsively and aver that the defendants, at all times relevant, complied with all applicable laws.

47.     Deny the allegations of paragraphs 149 and 150.

48.     As to the allegations of paragraph 151, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

49.     Deny the allegations of paragraphs 152, 153 and 154.

50.     As to the allegations of paragraph 155, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

51.     Deny the allegations of paragraphs 156 and 157.

52.     As to the allegations of paragraph 158, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

53.     Deny the allegations of paragraphs 159 and 160.

54.     As to the allegations of paragraph 161, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

55.     Aver that the allegations of paragraph 162 consist solely of legal conclusions as to which defendants need not plead responsively.

56.     Deny the allegations of paragraphs 163, 164, 165, 166, 167, 168 and 169.

57.     As to the allegations of paragraph 170, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

58.     Aver that the allegations of paragraph 171 and 172 consist solely of legal conclusions as to which defendants need not plead responsively.

59.     Deny the allegations of paragraphs 173, 174, 175 and 176.

60.     As to the allegations of paragraph 177, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

61.     Deny the allegations of paragraphs 178, 179, 180, 181 and 182.

62.     As to the allegations of paragraph 183, defendants repeat, reiterate and reaffirm each and every admission, denial, denial of knowledge or information and averment set forth above as if more fully set forth herein.

63.     Deny the allegations of paragraphs 184, 185, 186 and 187.

STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that Defendant otherwise would not have. Moreover, said affirmative defenses apply with equal force to both Plaintiffs and to those putative Class Action Members and Collective Action Members Plaintiffs purport to represent.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

64.     Plaintiffs' Complaint fails, in whole or in part, to state any claim against Defendants upon which the relief requested can be granted or for which the damages, relief or other recovery sought can be awarded.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

65.     Defendant is not engaged in "commerce" as defined by the FLSA.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

66.     Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of laches, waiver, estoppel, unclean hands and/or other related equitable doctrine.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

67.     Plaintiffs' claims are barred, in whole or in part, because Defendants acted in good faith, with a good-faith and reasonable belief that defendant RHM Restaurant Corp. had complied fully with federal and state law, within the meaning of 29 U.S.C. §§ 259, 260 and N.Y. Labor Law § 198 and otherwise. Assuming *arguendo* that a violation of applicable law occurred, which Defendants specifically deny, Defendants' conduct was not willful, within the meaning of 29 U.S.C. § 255 and N.Y. Labor Law § 198 or otherwise.

<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>

68.     Plaintiffs' Complaint fails to state a claim upon which liquidated damages or attorneys' fees may be awarded.

<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>

69.     Plaintiffs were fully compensated for all the work performed.

<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>

70.     Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the NYLL.

<u>AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE</u>

71.     To the extent that discovery reveals that Plaintiffs falsely or inaccurately reported hours of work and there is no evidence that they were authorized, suffered or permitted to falsely report hours, Defendants invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiffs.

<u>AS AND FOR A NINTH AFFIRMATIVE DEFENSE</u>

72.     Plaintiffs were provided all notices required by New York Labor Law § 195, and even if Plaintiffs were not provided a notice required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages due to Plaintiffs under the NYLL.

<u>AS AND FOR A TENTH AFFIRMATIVE DEFENSE</u>

73.     This action is barred to the extent Plaintiffs seek recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

<u>AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>

74.     Plaintiffs' claims pursuant to NYLL § 195 also are barred because, to the extent Plaintiffs did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that a notice was not required pursuant to the law.

<u>AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE</u>

75.     Defendants invoke the defenses, protections and limitations of the FLSA and NYLL.

<u>AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>

76.     At all times relevant hereto, Defendants acted in good faith and for good cause based on reasonable factors other than participation in any statutorily-protected activity and have not violated any rights which may be secured to Plaintiffs under any federal, state or local laws, rules, regulations or guidelines.

<u>AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>

77.     Any potential claims by Plaintiffs of retaliation are barred, in whole or in part, and any recovery of damages is precluded, in whole or in part, because Plaintiffs unreasonably failed to take advantage of Defendant's preventive or corrective opportunities or to avoid harm otherwise.

<u>AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>

78.     Even if Plaintiffs could prove that their participation in any statutorily protected activity was a factor in any adverse decision related to her employment with Defendant, which they cannot, Defendant would still have made the same employment decisions regardless of Plaintiffs' participation in any statutorily-protected activity.

<u>AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE</u>

79.     Defendants did not show reckless disregard for whether their conduct was prohibited by the FLSA or NYLL.

<u>AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE</u>

80.     Plaintiffs ares not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

<u>AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE</u>

81.     Plaintiffs' action are barred because they seeks to recover for time that is de-minimus work time and thus not compensable under the FLSA and NYLL.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

82.     Plaintiffs' claims are barred, in whole or in part, to the extent each alleged discrete act of discrimination or other unlawful conduct was not alleged within the applicable statute of limitations period.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

83.     Plaintiffs' claims are barred, in whole or in part, by the failure to exhaust her administrative remedies.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

84.     The decisions, and actions and omissions alleged, if any, respecting Plaintiffs and their employment were neither discriminatory nor motivated by retaliation but were justified by legitimate, non-discriminatory reasons and based on factors other than Plaintiffs' status as a member of a protected class.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

85.     Defendants did not aid, abet, ratify, condone, encourage or acquiesce in any remarks, acts or behavior concerning Plaintiffs' status as a member of a protected class.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

86.     Defendants exercised reasonable efforts to prevent and promptly correct any alleged discriminatory behavior, policy or practice.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

87.     Defendants exercised reasonable efforts to investigate and remedy any alleged acts or behaviors and prevent further occurrences according to information provided to defendants at the time.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

88.     Upon information and belief, Plaintiffs unreasonably failed to provide defendants an opportunity to prevent, remedy or avoid the alleged harm.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

89.     Plaintiffs' performance, attitude, judgment and other behaviors were unsatisfactory failed to satisfy defendant RHM Restaurant Corp's reasonable standards and expectations applied to all employees with like duties and responsibilities and failed to satisfy said defendant's reasonable standards and expectations communicated to Plaintiffs.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

90.     To the extent that the Plaintiffs have suffered damages, such damages were not caused by the conduct of the Defendants but were caused, in whole or in part, by the conduct of Plaintiffs and or persons other than the Defendants.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

91.     Plaintiffs are barred from recovery by virtue of their failure to take appropriate steps to avoid or to mitigate damages.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

92.     Plaintiffs' claims are barred in whole or in part as unduly speculative.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

93.     Plaintiffs ares not entitled to punitive damages because at no time did the defendants engage in any conduct with malice or indifference to Plaintiffs' rights.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

94.     Class certification of this action should be denied for one or more of the following reasons:

Joinder of all members of the putative class is not impractical;

There are insufficient common questions of law and fact pertaining to the whole of the putative class;

The claims of the Plaintiffs, even if meritorious, are not typical of the putative class;

The claims of the Plaintiffs will not adequately protect the interests of the putative class;

A class action is not the appropriate or superior method for the fair and efficient adjudication of this controversy;

It is not impractical for the individuals to obtain redress;

Individual issues will predominate over class issues.

As and for a Thirty-Second Affirmative Defense

95.     Plaintiffs and the putative "Collective Action Members" are not similarly situated on the several legal and factual issues alleged.

As and for a Thirty-Third Affirmative Defense

96.     Plaintiffs' claims fail to meet the mandatory requirements of Fed. R. Civ. Pro. 23(a) or (b).

****

Pending the conclusion of further discovery and investigation, Defendants reserve the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of Plaintiffs' claims.

WHEREFORE, defendants request a judgment dismissing Plaintiffs' complaint in its entirety together with such other and further relief as to the Court seems just and proper.

Dated: White Plains, NY
       August 11, 2023

13

MURTAGH, COSSU, VENDITTI &
CASTRO-BLANCO, LLP

By: _____
     John M. Murtagh (JM5815)
Attorneys for Defendants
1133 Westchester Avenue
White Plains, NY 10604
(914) 288-9595

To:    LIPSKY LOWE LLP
       Attorneys for Plaintiff
       420 Lexington Avenue, Ste. 1830
       New York, NY 10017-6705
       (212) 392-4772