# LIPSKY LOWE LLP
## AN EMPLOYMENT LAW FIRM

Douglas B. Lipsky - Partner

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

**Defendant should file any response to Plaintiffs' motion, not to exceed three pages, no later than April 17, 2024.**

**SO ORDERED.**

*[signature]*

**Arun Subramanian, U.S.D.J.**
**Date: April 15, 2024**

April 12, 2024

VIA ECF
The Honorable Arun Subramanian, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Volkava *et al.* v. RHM Restaurant Corp. *et al.*, 1:23-cv-04893 (AS)

Dear Judge Subramanian:

      This firm represents the Plaintiffs Pursuant to Your Honor's Individual Practice Rules and Local Civil Rule 37.3, Plaintiffs submit this letter motion to compel Defendants' responses to Plaintiffs' November 8, 2023 Initial Requests for the Production of Documents Upon Defendants.

      Plaintiffs initiated this action as a putative class and collective action under the Fair Labor Standards Act and New York Labor Law, asserting minimum wage, overtime premium pay, and spread-of-hours pay claims. Plaintiffs also assert Defendants failed to provide them with accurate wage statements and with the Notice and Acknowledgement of Payrate and Payday, violating the Labor Law. Additionally, Plaintiff Hernandez asserts individual claims of gender discrimination, sexual harassment and hostile work environment under the New York State Human Rights Law and New York City Human Rights Law.

Defendants' Discovery & Production Deficiencies

    1.    Defendants' Responses Do Not Identify Documents by Bates Numbers

      Defendants produced 4,185 pages of documents, without specifying in their responses to which request the documents are responsive. Defendants, instead, respond to the document requests by telling Plaintiffs to "see Bates Stamped documents RHM0001 through RHM04185." This is improper. A party must specifically identify which documents are responsive to which request. *See Ng v. HSBC Mortg. Corp.*, 2009 U.S. Dist. LEXIS 5608, *9 (E.D.N.Y. Jan. 27, 2009); *see also Mee Jin-Jo v. JPMC Specialty Mortg. LLC*, 2011 U.S. Dist. LEXIS 33033, *6 (W.D.N.Y. Mar. 29, 2011) (instructing a party to produce documents responsive to documents requests and to "specifically identify which documents are responsive to each of these requests").



2.   <u>Defendants' Failed to State Whether They Are Withholding Documents</u>

Defendants object to various Requests but fail to state whether any responsive materials are being withheld pursuant to any objection. This is improper, violating Rule 34(b)(2)(C). This failure coupled with their failure to specify the bates numbers of the documents responsive to each Request, makes it near-impossible for Plaintiffs to discern if Defendants are meeting their discovery obligations and responding to Requests fully and in good faith.

As such, Plaintiffs seek to compel Defendants to amend their Responses to state whether any documents are withheld under their objections.

3.   <u>Failure to Respond to Document Request Nos. 28 & 53</u>

Document Request No. 28 seeks "Complaints and administrative charges that concern Defendants' compensation or time keeping policies." And Document Request No. 53, in relevant part, requests "Documents concerning any lawsuits or administrative charges (e.g., U.S. Equal Employment Opportunity Commission or New York State Division of Human Rights) filed against Defendants by anybody arising from violations of the NYSHRL, NYCHRL or any Federal or state equivalent law." Defendants provide identical responses to these Requests, objecting on the grounds that the sought documents are "neither relevant nor calculated to lead to the discovery or relevant or admissible evidence." Defendants then identify a previous lawsuit against them, titled *Machecha v. RHM et. ano.*, 22-cv-3253 (PAE)(SN), filed by this firm, and admit they have responsive documents but refuse to produce them referring Plaintiffs to "publicly available" information and because they are allegedly already in Plaintiffs' possession. But these are not valid objections. *See Chow v. Sentosacare*, 2020 U.S. Dist. LEXIS 262275, at *4-5 (E.D.N.Y. May 29, 2020); *Harley v. Nesby*, 2011 U.S. Dist. LEXIS 142359, at *26 (S.D.N.Y. Dec. 12, 2011). With these evasive and improper responses, Plaintiffs cannot tell if the *Machecha* matter is the only other lawsuit against Defendants.

Moreover, the documents sought are both relevant and admissible as they are directly relevant to Plaintiffs' claims as they will shine light on Defendants' employment practices over the years. Moreover, Defendants assert a good-faith defense as their Fourth Affirmative Defense in the Answer: they assert that they had good-faith and reasonable belief that they complied with their federal and state law obligations. *See* Dkt. 11. Invoking this defense, makes prior litigation or complaints against Defendants relevant and admissible on whether their violations lacked good faith. *See Ordonez v. A&S Broadway Produce, Inc.*, 2015 U.S. Dist. LEXIS 131577, at *4 (S.D.N.Y. Sep. 29, 2015) ("Prior complaints are … sufficient to put an employer on notice about its obligations under the FLSA and thus establish willfulness.")(internal quotations and citations omitted); *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142-43 (2d Cir. 1999)( explaining that an employer's willful failure to comply with the FLSA despite its knowledge of the statute's requirements barred a good faith defense).

4.   <u>Document Request No. 30</u>

In response to this request, Defendants leave nothing more than a blank line.



The Honorable Arun Subramanian
April 12, 2024
Page 3 of 4

4.  Failure to Respond to Document Request No. 60

Document Request No. 60 seeks "Documents identifying all Rolfs' social media accounts, including, but not limited to, Facebook, Instagram, Twitter, LinkedIn, Snapchat, TikTok and any other substantially similar platforms." Defendants, in response, object that this request is "overbroad, unduly burdensome and as seeking documents that are neither relevant nor calculated to lead to the discovery of relevant or admissible evidence." Defendants state that they have only an Instagram account but fail to produce any documents sought in the Document Request. Plaintiffs seek to compel them to produce the responsive documents and not shift their burden of obtaining responsive documents to Plaintiffs.

5.  Defendants Do Not State Whether Documents Are in Their Custody or Control

Rule 34 (a)(1) requires a party to produce documents within its possession, custody or control. Fed. R. Civ. P. 34 (a)(1). However, in response to Requests Nos 4, 5, 14, 16, 17, 22, 24, 26, 27, 28, 29, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 54, 62, 63, Defendants state only that they are not in "possession" of the requested documents. Thus, Plaintiffs seek to compel Defendants to amend their Responses to confirm their position on whether the documents are also not within their "custody" and "control," or alternatively produce additional documents.

Defendants' Responses fall short of their discovery obligations. Plaintiffs, therefore, seek to compel them to amend their Responses to conform with all the Rules and produce responsive documents for Document Request Nos 28, 30, 53 and 60.

Counsels' Meet & Confer

The Court should not have to get involved here. Plaintiffs tried to avoid this, but Defendants have left us with no choice.

Plaintiffs served Requests on November 8, 2023. After receiving Defendants' discovery responses in mid-January 2024, Plaintiffs' counsel sought promptly to resolve the discovery issues by emailing Defendants' counsel on January 31, with the above stated deficiencies, including the supporting legal authority.

On February 5, Trial Counsel for both parties, John Murtagh and the undersigned, held a telephonic Meet and Confer, as is Required by Your Honor's Individual Rule 5(D). The call lasted about 10 minutes, during which Defendants' counsel vouched to cure the outstanding deficiencies and Plaintiffs' counsel put him on notice that if they were not cured, they would be seeking a conference with the Court. Thereafter, Plaintiffs followed up on discovery with Defendants to no avail. Then, in mid-February, Plaintiffs' counsel learned of Mr. Murtagh's hospitalization, which resulted in the parties seeking an extension of discovery deadlines. (Dkt. 18).

On February 21, Mr. Murtagh advised that he had returned to work on February 20. After that, Plaintiffs inquired with Defendants numerous times on if and when revised responses would be provided. On February 23, Defendants said they would do so within



The Honorable Arun Subramanian
April 12, 2024
Page 4 of 4

two weeks. But nothing. On March 15, Defendants stated they will revisit their responses. But nothing. On March 18, Plaintiffs inquired with Defendants on the revised responses. But nothing. And that brings us to involving the Court.

      We regret involving the Court as these issues are most often resolved between counsel. But, putting aside Mr. Murtagh's hospitalization, Defendants have tried to delay this case at every possible opportunity and Plaintiffs have tried to resolve this between counsel. But that window has closed. We therefore seek the Court's intervention to address these issues so this matter may move forward in a proper and expeditious manner.

      Respectfully submitted,
LIPSKY LOWE LLP

<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky
Milana Dostanitch

CC:    Counsel of Record (Via ECF)