**MURTAGH, COSSU, VENDITTI, & CASTRO-BLANCO, LLP**
ATTORNEYS AT LAW
222 BLOOMINGDALE ROAD, SUITE 202
WHITE PLAINS, NEW YORK 10605
(914) 288-9595
Fax (914) 288-0850

John M. Murtagh
e-mail: jmurtagh@mcvclaw.com
Direct Dial: (914) 831-6239

*In light of Defendants' representations in this letter, Plaintiffs' application is DENIED. If there are further disputes, Plaintiffs may make a new application to the Court.*

April 17, 2024

**VIA ECF**

*The Clerk of Court is directed to terminate the motion at ECF No. 20.*

Honorable Arun Subramanian
United States District Court
500 Pearl Street
New York, NY 100007

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 18, 2024

<u>Volkava et al. v. RHM Restaurant Corp., et al., 23-cv-4893 (AS)</u>

Your Honor:

  We represent the defendants in this matter. We write in response to the plaintiffs' "letter motion" dated April 12, 2024 ostensibly seeking to compel disclosure from the defendants.

  In fact, Defendants responded to plaintiff's discovery demands over five months ago producing significantly more than four thousand pages of responsive documents including detailed financial and payroll records related to each of the Plaintiffs and their individual claims. While certainly asserting appropriate objections defendants have not withheld any responsive documents.

  In the meanwhile, we address the plaintiffs' specific objections as follows:

  1. As noted, the documents produced by the Defendants consist of wage and financial records related directly to Plaintiff's wage claims in this matter. Those records are identified, dated and organized by year as they are kept in the ordinary course of business by the defendant restaurant's accountants. They are specifically labeled and readily identifiable as to each individual Plaintiff.

  2. This objection has been responded to above. The defendants have not withheld any responsive documents.

  3. Defendants have not "failed to respond to Document Requests 28 & 58." Defendants properly identified the single matter responsive to those demands, to wit, the 2022 S.D.N.Y. action styled Machecha v. RHM et ano., 22-cv-3253 (PAE)(SN). Plaintiffs protest that defendants did not produce responsive documents as to this lawsuit. Though Plaintiffs do admit

that they were the attorneys for the Plaintiff in that case, they neglect to advise the Court that the Machecha case was filed on April 21, 2022, served on Defendants on May 13, an answer was filed on June 3, the case was promptly referred to mediation and a settlement was reached on September 14. There was no further litigation, no document discovery and, certainly, no depositions. The entire record of the case is either public record or in the files of the Plaintiffs' attorneys.

4. In response to Document Request 30, the "blank line" referred to was, regrettably, a ministerial oversight in this office, a placeholder, while a search was made for responsive documents. To date, defendants have not located any documents responsive to this demand.

4 (II). In response to the second paragraph numbered 4 alleging a "Failure to Respond to Document Request No. 60," putting aside the fact that it is difficult to see the relevance of a restaurant's public social media to either Plaintiffs' wage claims or allegations of "harassment and the like, it is wholly unclear what further response Plaintiffs seeks. Defendants have averred that the only social media account the Defendant owner is aware of was a single Instagram Account. While we do not profess to be experts on such matters, we believe the digital record of that account, even if relevant, would be in the possession, custody and control of whichever corporation owns that social media platform not the Defendants. Such information might be subject to a non-party subpoena and, if necessary, defendants would even be willing to provide an authorization for access to same if the company which controls the account requires such. However, beyond that, if Plaintiffs' are suggesting that defendants are somehow charged to download and print out a hard copy of every Instagram post ever posted on the restaurant's behalf, we submit that such would be the very definition of "unduly burdensome" particularly given the lack of relevance to same.

5. As to item numbered 5, defendants hereby amend their responses to state that any reference to a document not being in their "possession" means that it is not in their "possession, custody or control."

In sum, Plaintiffs have been in possession of all documents in the defendants' possession, custody and control relevant to their claims for months and there is no reason depositions should not now proceed.

Respectfully,

John M. Murtagh

JMM/ws

cc: Plaintiff's counsel/ via ECF